Number 171393 United States v. Jose Martinez-Benitez Good morning, I am Jose Luis Lovas, I represent Apple and Jose Martinez-Benitez Council, before you get going, could we wait until your opponent is seated? Of course. Okay. All right, you may proceed now. I know it's hard to see behind you what's happening, but okay, now proceed. Of course, Your Honor. Good morning. There's two questions that are presented in this case, and one is whether the court below properly relied in the Puerto Rico Supreme Court case of People of Puerto Rico v. Ramos-Rivas in order to determine that Mr. Martinez's prior state-level drug offense was a controlled definition in guideline section 4B1.2. The second question that has arisen within the confines of this appeal, and as per a recent order of the court to file, for the government to file a supplemental brief, is whether Davila-Felix, which is this court's prior case, is unsound as to the conclusion made there that not all Puerto Rico Article 401 drug offenses necessarily were drug trafficking offenses within the meaning of the guideline. Okay, this, bear with me, please. Yes. That's an alternate argument that you make. Were we to affirm the district court on its basic ruling, we would not reach the government's alternate argument? Yes, Your Honor. Okay, so now let's go back to the district court opinion. Your briefs argue that the I understand the inadequacy argument to turn on your argument that the federal district court misread the Puerto Rico state case law. Is that correct? Yes, Your Honor. Okay, so how did it misread the Puerto Rico case law? Yes, Your Honor. The holding in Ramos-Rivas, what it really relates to is a specific question whether in Mirna Ramos-Rivas' specific case, the court, what recidivism statute should have been applied, whether the recidivism statute contained in the special law, which is a controlled substance offense law, or in the Puerto Rico criminal code recidivism provisions. That was the only holding. Now, stretching that holding by virtue of a footnote to mean that prospectively every single case in Puerto Rico where a defendant was initially charged with 401 and reclassified or got his case reclassified to a conspiracy offense, which is 406, which covers a wide range of conduct, some of it predicate offenses, some not, that footnote was an improvident exercise of the court because that footnote does not signify that such a situation is tantamount. In other words, 406 conviction in that particular circumstances, it really is not tantamount to the holding that the person was indeed guilty or committed facts that would support a 401, which is a type of offense that requires an intent to possess. What I'm saying is that, and to understand this, your honor, all we need to look is at the controlled substance offense law in Puerto Rico, and that gives us the answer because just like the federal statute, drug statutes, the Puerto Rico controlled substance law has mandatory minimums and mandatory maximums. It also has fixed penalties. For instance, 401 has a fixed penalty of 20 years, which is what defendant Amina Ramos Rivas was sentenced for. Article 404, which does not entail drug distribution and does not satisfy the predicate definition of the guideline, that's a simple possession statute, and that has a fixed penalty of three years, which is precisely the penalty that Mr. Martinez Benitez in this case was imposed. So the matter of reclassifying offenses in Puerto Rico from, it could have been, I mean from 401 to 406, it's not dispositive. First, the government failed here because their primary burden was to look for shepherd documents, such as a plea colloquy. The Puerto Rico criminal procedure system provides for a colloquy with the court. People get placed on their oath. It's a court of record. The government could have obtained a transcript of proceedings in Mr. Martinez Benitez's sentences at that time in order to determine what exactly it is that he accepted, what underlying offense of the many conspiracy, I mean of the many controlled substance offenses, which is the one he committed. But wasn't he charged with only one? He was charged initially with 401, which is a possession with intent to distribute it. And then he pled? Then he pled guilty to Article 406, which is conspiracy to commit anyone. So I just want to understand, and we don't have the plea colloquy and the plea for the 406? Yes, but that is not the defense's fault because what the government has tried to do here is, before a lack of real shepherd documents... But I'm just trying to understand, are you suggesting that it's possible that the 406 plea colloquy would suggest that he was... That the underlying conduct may have been 404, which is simple possession. Yes, because that is the penalty that he got, which is three years, and the sentence, which is documented in our sentencing court, engaged Mr. Martinez in a colloquy and made findings. So the government's duty was to get those records because that's par excellence, that's the best record to determine what underlying conduct was ultimately accepted by this defendant within the many types of conduct that Article 406 provides. They didn't do that. And just so... Oh, go ahead. They got to a footnote in Ramos-Rivas. Please. I'm sorry. Judge Barron's been trying to ask you a question. I'm sorry, Your Honor. He'll ask his question and then I'll ask mine. Yes, Your Honor. I'm sorry. A little more patience with us, please. Just so I understand how it works when you plead guilty to a 406 offense, would you ever be charged with a 406 offense? Yes, you could primarily be charged with a 406 offense. You could be charged with a 406 offense. Yes, initially. But are you suggesting we don't know what he was charged with? Or are you conceding he was charged with 401 and that's the only thing he was charged with? What I am suggesting is that... Yes or no? Can Your Honor repeat the question? So you said he could be charged with a 406 offense? Yes, he is. There's no evidence in the record that he was? Not initially charged with that. All we have is him pleading to a 406 offense. Correct, Your Honor. The only thing we have evidence of him being charged with is a 401 offense. Correct, Your Honor. Are you suggesting that because of the way the record is presented to us, it is possible he was charged with something other than a 401 offense? No, I'm not suggesting that. So you're conceding he was charged with a 401 offense? Absolutely, Your Honor. Okay, so then what I'm having a little bit of trouble with is given that charge and given that there is a plea, he can't plea to anything other than what he's charged with? Yes, he can, Your Honor. He can? Okay, how? Because, well, Your Honor... He could plead to a lesser-included offense. And as I understand your argument, because he was sentenced to three years, and that is the sentence normally given for simple possession under 404, the record here is at least ambiguous, and therefore they should have put in a Shepard document of what he actually pled to. Am I correct? That's your argument? Absolutely correct, Your Honor. Just so I fully understand it, the idea is he could be charged with possession with intent to distribute under 401 and plead to simple possession without there being any other charge. Yes. Got it. Or put differently, once he was charged, once everybody sat down and went through the evidence, someone could have concluded that the evidence didn't support a greater charge other than simple possession. I'm sorry, Your Honor, I'm a little bit hard of hearing and I couldn't hear everything. I said, in other words, he may have been charged with a greater offense, but after everyone sat down and went through the evidence, the Commonwealth could have made a determination that the evidence didn't support a greater charge. And therefore they reduced it because they would have been unable to meet their burden of proof. Yes, Your Honor. And therefore we need to know what was said at the plea colloquy. Counter to that is the fact that he pled, according to the state court records, to a 406 sentence which referred back to the 401 indictment and did not say, no, he pled guilty to 404 charges. That's what the government's going to say in response. In hindsight, and as we're doing now that we have to engage in this forensic kind of work to see what it was that happened, the only way we can tie the 406 to an exact substantive offense is by the penalty imposed. No, they say, look, the same case number was used. That he ends up with a three-year sentence doesn't mean much of anything. What does use of the same case number mean? I'm sorry, Your Honor? Under Puerto Rico procedure, what does use of the same case number mean when there is a modified charge? Your Honor, it's, I would be impersonating in a Puerto Rico clerk office handling of cases. Substantively means nothing. It just means out of convenience that it's one case that may have very different dispositions. It began with the most serious offense, which carries a 20-year fixed term. The charge, I mean, there's other things that we can look at. The charges do not specify drug amounts consistent with, it doesn't, the charge doesn't make any specification. But as Judge Thompson's question points out, that's irrelevant. We all know there's fact plea bargaining that happens as well, even if it had charged it. Your point is that the penalty imposed was for a simple possession case, regardless of what the original charges were. Correct? That, yes. And that the ultimate obligation of the government, they had the burden to come before the court and substantiate what offense conduct, within all the many offenses conduct within 406, Mr. Martinez accepted. And they could have shown that by a plea colloquy and by getting a transcript, those would have been the shepherd documents that were available in the court. And rather than doing that, they resort in a subsidiary way to this construction under Ramos-Rivas, and to boot, a footnote that is dicta and mainly... If he had not been given a three-year sentence, let's say he was given a 10 or 20-year sentence, would you have an argument? None, Your Honor. That would have ended the inquiry. But just so I understand, is a three-year sentence... If he had pled under 401 and had been sentenced under 401, could he have been given a three-year sentence? No. No, because... So you're saying it can't be that. Exactly, Your Honor. No matter what else it is, it's not that. Just as our federal narcotics law, they have mandatory minimums. We can tie a 60-month sentence to an amount of drugs to a specific conduct. It's the same with the particular law of controlled substances. The sentences are fixed. There's going to be a top, and there's going to be a minimum. And in this case, the sentence was below the minimum. Possession with intent to distribute is always 20 years? I'm sorry, Your Honor? It's always 20 years for possession with intent to distribute? It's a fixed term of 20 years. If there's aggravating circumstances, 30 years. And if there's mitigating circumstances, 10 years. But I want to go back to Judge Thompson's point. Suppose the prosecution, looking at this again, decides that they're not going to keep pushing for a 401 20-year sentence. They're going to reach a plea bargain. And he's going to get lucky and end up with only a three-year sentence out of it. You cannot be contending that the fact that he got a three-year sentence took away the prosecution's ability to make a plea bargain. That's correct, Your Honor. You're just saying on the state of this record. That's right, Your Honor. You're only saying that on the state of the record in this case, we can't make a determination that it was anything other than possession. Correct. Because of the sentence. Because of the penalty that was ultimately imposed. But just so I'm proverbically clear on it, you cannot. You have to plead to a charged offense, correct? Yes, Your Honor. And you're saying the only charged offense is the 401 offense. Yes. The only charged offense was 401 in this case. It was charged with 401. But you're saying that you can plead to a 401 offense of possession? When it comes down to pleading out, you can plead to any offense within the controlled substance law, which encompasses varied conduct. Some which satisfy the predicate definition of 4B1.2, some that doesn't. It's going to be prosecutorial discretion. Without giving a separate charge for that. Yes, without filing a new charge. It's, you know, the diaries of the Puerto Rico system and how cases are pleaded out. I frankly do not understand them, but that's how it happens. The term reclassified is used not as a term of art, but as a term of convenience. Okay. Clerk. You've been ignoring me. I want to take a break after this. May I please the Court? Yes. I want to clarify, before starting one issue, under Article 401 of the Puerto Rico Controlled Substances Act, there is, as Federal Counsel stated, a fixed term of 20 years. It can go down, if they're mitigating circumstances, to 10. It can go up, if they're aggravating circumstances, to 30. Under Article 404, that's the possession, there's a fixed term of three years. That, likewise, can go up or down. Now, we're dealing here with Article 406. The reason why, during pre-negotiations, the prosecutor and the defense will go from a 401 to a 406 is because 406 changes the penalty dramatically. If you're charged with 401, you have that fixed term of 20 years. If it's pled down to 406, the maximum becomes 20 years. So, to clarify, if someone receives a three-year sentence, as happened in this case, that is as consistent with 401 as it is with 404. In other words... But why isn't it also as consistent with there not being enough evidence to prove a 401? Because we have background charging practices, as formalized by the Puerto Rico Supreme Court in 2007, one year before this judgment came down. And we have Puerto Rico Court of Appeals case law as late as 2017. And what those background charging and sentencing practices indicate is that if you're charged with a 401 that's reclassified to 406, what you do in order to determine your penalty is you have to go back to your original charging, your 401. That's the background law. And we saw that in Ramos-Rivas, and we see that in the two Court of Appeals decisions from 2017. But what does that mean? You have to go back to... So that means that if you have, as we do here, a judgment that says 401 reclassified to 406, you need to find a penalty. 406 has no penalties in and of itself. It's completely a derivative statute. So when a court is confronted as it was in Ramos-Rivas... So are you saying that if a review of the evidence by the prosecution suggested that he was overcharged, and that he should simply have been charged with possession, simple possession, that he would have been reclassified as a 404 rather than a 401? That that necessarily follows? He could have been reclassified as a 404. Necessarily follows. Necessarily? No. He could have been classified to a 406. But if they were going to do that, there's a background rule that says, when you have 401 reclassified to 406, we're going to consider it a 401. So if what the parties are trying to do is contract around that background rule, they've got to put something else in that judgment. But for purposes... Maybe this is... I hadn't grasped this point. Maybe for purposes of federal law, who cares if that's the charging practice? In other words, if just the way it works is we're going to treat it as a 401 offense, but we concede the evidence only showed possession, not possession with intent to distribute, and therefore we're going to reclassify and we're going to give you the 406 penalty, that all makes sense under Puerto Rico law. You pled guilty to a 401 offense. That's fine. But the reason Puerto Rico treats that as a 401 offense is not because, in fact, it was evidence of possession with intent to distribute in the way the federal law is talking about it. It's just because that's their charging practice. For all we know, you pled guilty to an offense that, in practice, just involves simple possession. If that's all that happened, then for purposes of federal law, it wouldn't trigger the guidelines. Well, whether or not they're pleading guilty to an underlying offense of 401 or 404 is critical, and it is something the Puerto Rican parties would take into account. Because if you're pleading guilty to an underlying offense of 404, your maximum is three years. They can't go above that for your sentence. If it's 406, your maximum is 20 years. And in addition, I would note as to what you're saying is basically once you have to plead, when you plead guilty, we have to take it that you pled guilty to what you were charged with. Yes. So he pled guilty because of the way, there has to be some charge. 406 alone is not a charge you can plead guilty to. Is that right? 406 has to have an underlying offense. It's a derivative offense. There has to be some object of the conspiracy or object of the attempt. All right. So you disagree with your brother that he could not have been charged with simply 406 stand-alone? He could have been charged with 406, but there would have to have been some object of the conspiracy or some object of the attempt. Would they have to reference a provision in a 406 charge? I would think for the charging document, it would have to state what he's charged with attempting or conspiring to do. Well, there would be facts, but I'm asking would it have to mention 401 or 404? Could it say you're charged with 406 possession, no reference to 404 or 401? I can't say whether or not that's ever been done in local practice. I'm just not sure if it's theoretically possible. I can say that what we have seen, and this Court currently has two cases in front of it, what you generally have is a 401 offense or a 404 offense that is reclassified to 406 and where it explicitly states in the sentencing document what's going on, what was the original offense. You say we have two cases in front of us? Yes, Your Honor. What's the other one? There is this case and there is a companion case. And, Your Honor, well, excuse me, I don't have the site in front of me, but it's a case that is analogous to the hypothetical that Your Honor posed where the sentence sent us a 28-J letter immediately after oral argument informing us of the name and case number of that case and if the government has any information about has it been scheduled for argument or any such thing. I thought it was the government's obligation to notify our court in the briefing if there were other cases raising the same issue. Defense counsel wouldn't know, but the government certainly would. Yes, my understanding is in the new case the government has alerted the court as to this pending case, but I apologize for not knowing the name of that new case. Oh, you told us about in the new case about this case, but you didn't bother to tell this panel about the new case? Correct, Your Honor, I apologize. Well, I'd like you to do more than apologize. I'd like you to communicate that that's not acceptable and the practice in your office has got to change. I will do so, Your Honor. Okay. Now, part of what your opponent argues is it's not a big deal for you to get the plea colloquy from the Puerto Rican state courts. They actually keep them if there is any doubt, and he says there is doubt because of the three-year sentence. In that instance, although I suspect he wouldn't make the argument if it were a four- or five- or six-year sentence, you ought to be obligated to come up with that plea agreement as a shepherd document so that any lack of clarity as a matter of federal law gets resolved. I believe he's arguing that. What's your response? Two responses. First of all, it's not necessary. What we have here is a judgment that clearly indicates it's a 401 reclassified to 406. We have not only the complaint number of the original charge, but we also have the police complaint number, and I cannot think of a good reason to include even the police complaint number, which also charges him or alleges possession with intent to distribute heroin. In addition to that, as I noted before, we have a background law established by the Puerto Rico Supreme Court. Our defense counsel says that's just a footnote. I would note that the famous footnote four in Caroline Products, just a footnote, discreet and insular minority. Look, that it's just a footnote doesn't cut one way or the other. What he's saying is that as a matter of Puerto Rico law, it is not established on the shepherd documents that you have provided that the 406 conviction, even if it included the case number of the 401 indictment, in fact establishes that the guilty plea was pursuant to the original charge in the indictment and not to a reduced offense. Correct. But we have in that very case, Ramos-Rivas, we submitted a sentence in that case, which reads awfully like the sentence in this case. And the interpretation of the Puerto Rico Supreme Court of that kind of sentence is that you look back to the original offense, the 401. So I would argue that, in fact, that is determinative of how we should interpret this judgment. In addition, we have two. Did that Puerto Rico case involve this situation of a three-year sentence? No. That case involved the question of the penalty to be imposed upon a defendant. And so in that case, whether or not. So the particular facts of this case were not before the Puerto Rican court in that case. Yes and no. It did not involve this precise issue, but it did focus on what the penalty to be applied to the defendant would be. And so in that case, they had to determine what the 406 referred to. That was an integral part of the decision. It was not dicta. And you'll see it's not just in the footnote, but in Asterix 3, page 3 of that opinion, again, they refer to the fact. Okay. Suppose we're not convinced by your argument for affirmance on the first ground. Can I ask one more question on that before you turn to the second ground? Yeah, sure. If you put aside 406 for a second, just so I understand Puerto Rico law, if he had been charged with the same charging document we have here, which I take it defendants as conceded is the only charging document involved in the case, if he had pled that the plea colloquy had said, I did not intend to distribute, but I'm pleading guilty to this 401 charge, would that have been a valid plea? It would not. The judgment would have been incorrect. Right, because you couldn't do that. So that's why I'm just puzzled by, if you could just help me, since defense has conceded that the only charge in the case is the 401 charge, and if you can't plead to anything other but, if 406 refers back to 401, there's no other part of 401 you could be nodding to, because the only thing he was charged with was possession with intent to distribute. That's why I'm not following. What other charge could there be other than the 401 charge? I agree with Brother Counsel to the extent that if we consider 404 a lesser included offense of 401, then it is theoretically possible. So what's the government's position on that? Then, yes, it is theoretically possible that in plea negotiations they could have pled down. And is your position that that's possible? That is possible. Isn't that devastating to your position, then? No, it is not devastating. Why not? Because, again, what we have in the judgment is there's nothing about a 404 offense. It's an Article 401 reclassified to 404. And what the background law indicates is that when you have that, that means that the person is pleading the underlying offense is 401. If under the court's hypothetical he had actually pled guilty to a 404, there would have to be something in the judgment to that effect. So it wouldn't be reclassified as a 404, you're saying. It would just be what in the judgment? It could be reclassified. I mean, logically it could be reclassified to a 404 because here you've just got three years, which would be the fixed term under a 404 offense. So I'm not sure necessarily what you gain by reclassifying it to a 406 instead of a 404. Well, you get rid of it being a possible predicate offense, for one. Well, no, but there would have to be, if he pled guilty to a 404, if he pled guilty to a 406, the predicate offense under your Honor's hypothetical would still be the 404. You always need to have a predicate offense for the 406. But it would matter for Federal law purposes. It would matter for Federal law purposes. If you're a good defense attorney, you'd have an interest in doing that. I'm sorry, Your Honor, I'm interested. If you're a good defense attorney, you'd have an interest in doing that. And you'd have an interest in making sure that that judgment clearly indicated that it was a 404 to a 406, not a 404. Is it possible that the 404 offense that he pled to could be only in the plea colloquy? Given the background law in Puerto Rico, that seems highly unlikely. Highly unlikely or impossible? I think it would be malpractice for an attorney to do that. But aside from that, would it be such that under Puerto Rico law, you simply cannot plead to a 404 in the colloquy, as a lesser included, without it showing up in the judgment? I can't rule out some kind of clarification. Well, then don't we need to see the plea colloquy? Your Honor, on that point, I think we're making an assumption that the plea colloquy would, in fact, clarify that. No. And that's an assumption that we simply – We're making an assumption that it could. That it could clarify it, correct. And the reason I make that assumption is because I don't know what it says. Yes, but I think the court also has to face the possibility that perhaps that plea colloquy clarifies nothing. And we're back to where we started here, which is a judgment and an indictment. And the court, again, has to make the decision, what do we do when we have a judgment that states 401 reclassified to 406? So are you saying that this was a deliberate decision by the prosecution not to produce the plea colloquy? I'm not saying it was some – I mean, because you're relying on this case? Well, Your Honor, we believe – the government believes that the judgment and the charging document in and of themselves are sufficient. Have you seen the plea colloquy? I have not, Your Honor. Are you curious about it? You know, frankly, I've seen other plea colloquies, and they bear no resemblance to what happens in a federal court where they go on for half an hour and there's a very clear explanation. Oftentimes what we have are minutes, minutes of about a paragraph, and that, frankly, do not provide much clarification. I cannot speak as to whether or not in this case it would or would not have. But sometimes, often – Go ahead. Thank you. Often we do not obtain the plea colloquies because in the past they have not been particularly informative. So I think this issue, whether or not we can decide based on the judgment, the charging document, and the background case law, is something that the court respectfully should address. Okay. Now I'm going to turn to your second argument. If your first argument is not persuasive to us, you say, well, there have been some developments in Puerto Rico law that should cause us to overrule a prior decision, and we can affirm based on that. But the problem is you neither cited that case to us the last time when we reached the decision we did, and I believe you didn't make the argument before the district court here. Is that correct, that latter point? Okay. So sometimes we do excuse the government from waiver, but it's not at all clear to me why we would do it in this case where you apparently did not really argue this point to the district court, either at sentencing or in the PSR. So why wouldn't we just conclude that the second argument isn't really before us? Okay. And insofar as I understand it, Your Honor, is suggesting two possible waivers. One is the government's purported failure in Davila-Felix, that case, to raise these two important points. Well, regardless of whether you waived it in that case, you didn't raise it in this case. So the question is why did not the government ask the district court to overrule binding? No, no, no, no. Once you state it that way, you've got an answer. The district court can't. But you did not say to the district court, look, we have another line of argument based on Puerto Rico law, a different set of Puerto Rican cases than our first argument. You made no suggestion at all to that effect. That is correct, but, Your Honor, it would have been futile as well. And because the court, Davila-Felix. Well, you didn't say to the court, look, we have this argument. It's true. Maybe we didn't make it at the time the First Circuit ruled. But to preserve the issue for the record and permit us to raise it in the Court of Appeals, we want to articulate the argument now. That is frequently done. It was not done in this situation. Your Honor, you're correct that it was not done in this situation. This circuit has held, quote, we will excuse a party for failing to raise a defense only when the defense, if timely assertive, would have been futile under binding precedent, unquote. That's Bennett v. City of Holyoke, 362-F3-D1. Yes, and then we would have to face the question of whether there was waiver the first time around. I'm sorry, in Davila-Felix are you referring to? Whether there was waiver the first time around by the government's failure to bring the argument to the panel that decided the earlier case. I'm sorry. If I understand it, you're saying that it would have been futile to raise it in the district court in this case, and therefore you should be excused from doing it. And the reason is because there is binding circuit precedent. Yes. The problem is if there's binding circuit precedent as your reason for doing it, we're just a panel. We're bound by it too. Not if there is clear local Supreme Court case law. To the contrary. But is that true? That would be equally true in the district court. In other words, either it's a binding First Circuit decision that binds this panel or it's not a binding First Circuit decision that binds this panel. If it's not a binding First Circuit decision that binds this panel, it doesn't bind the district court, does it? Your Honor, I think it in fact may bind the district court. Even if Puerto Rico law has changed? I don't think the district court, yes, can unilaterally decide. But a panel can? A panel certainly can. I'm not sure whether or not a district court could. I think there's another point here as well, Your Honor, which is that I could understand where the government failed to raise an argument before the district court. And that resulted in an incomplete factual record. And therefore, this panel, this circuit was at a disadvantage as a result of that. That is not the case here. There is no additional factual development needed to decide this issue. Maybe, maybe not. In round one, we certainly had some factual questions about what Puerto Rican procedure is and whether a 406 judgment could have entered on what was in essence a 404 plea. Okay. Thank you. Thank you. All rise.